IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICKY G. MORENO, | § | |
| (TDCJ No. 501109) | § | |
| VS. | § | CIVIL ACTION NO.4:06-CV-238-Y |
| | § | |
| | § | |
| TIM CURRY, District Attorney, | § | |
| Tarrant County, Texas, et al. | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B)
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff and inmate Ricky G. Moreno's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The 45-page typed civil-rights complaint seeking relief under 42 U.S.C. §§ 1983, 1985, 1986 and numerous other provisions, names as defendants Tim Curry, district attorney, Tarrant County, Texas; Assistant District Attorneys Patrick S. Dohoney, Patricia Hatley, Debra Dupont, Ashley D. Fourt, and James Gibson; former Tarrant County Sheriffs Don Carpenter and David Williams; Tarrant County Sheriff Dee Anderson; Tarrant County officer Hal Spaugh; Tarrant County District Clerk Thomas A. Wilder; and former Texas Attorney General John Cornyn. (Compl. Style; § "Parties" at 2-5.) Moreno alleges that on August 15, 1990, during his jury trial before the Criminal District Court Number One of Tarrant County, Texas, on the charge of murder in cause number 0309662D, his trial counsel relayed to the court that, on January 2, 1990 (while Moreno was allegedly in "Impact Court"), the state had offered to Moreno a plea bargain of a twenty-year sentence, but that Moreno had rejected the offer. (Compl. at 7.) On

August 17, 1990, Moreno was convicted of the murder charge in a jury trial, and sentenced to life imprisonment.[1] In this action, Moreno contends that his counsel's statements during trial regarding the twenty-year plea-bargain offer constituted aggravated perjury because, he alleges, his counsel had never before relayed any offer to him. (Compl. at 7.)  Moreno claims that the allegation that he had been taken to "impact court" on January 2, 1990, was incorrect, and that the assistant district attorneys assigned to his case helped cover up his counsel's perjurious statements about his having been in impact court. (Compl. at 7.) The balance of Moreno's complaint recites the many efforts he alleges he made to obtain records that show whether he was transferred, on January 2, 1990, from the Tarrant County jail to impact court, and his allegations that each person from whom he sought such information violated his constitutional rights either in failing to respond or in the manner of response to his inquiry. (Compl. at 8-27.) Moreno contends that if he obtained the inmate "escort" record he sought, "it would overturn his criminal conviction" and "prove his legal claims that he was never escorted to impact court on January 2, 1990, by the Tarrant County Sheriff's Department, which would overturn plaintiffs [sic] conviction and leave his (Mr. Curry's) office [sic] in an embarrassed situation." (Compl. at 9, ¶ 11; 16, ¶ 24.)  Moreno

---

[1]Inmate Moreno has twice challenged his conviction in this Court through petitions for writ of habeas corpus under 28 U.S.C. § 2254: *Moreno v. Johnson,* No.4:99-CV-150-Y (Denied in part, and dismissed with prejudice–February 22, 2000), and *Moreno v. Johnson,* No.4:01-CV-423-A (Dismissed as successive–June 15, 2001).  The Court takes judicial notice of the records of this Court.

relates contacts and allegations over the course of a fourteen-year period, with three different sheriffs of Tarrant County, Texas, the district attorneys that assisted each particular sheriff in responding to the requests, the district clerk, and the then Texas attorney general.(Compl. at 7-42.) He seeks both a declaratory judgment that his constitutional rights were violated, as well as compensatory damages for violation of his constitutional rights. (Compl. at 43-45.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading

---

[2]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . .  . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006).

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4]*See* 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint under these standards, the Court concludes that Moreno's claims must be dismissed.

The Court notes first that many of the provisions and statutes cited as authority by Moreno do not provide a private cause of action or authorize his claims. Although Moreno cites the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, that statute does not apply to state or municipal agencies.[7] As Moreno has named as defendants only municipal and state government employees, FOIA does not apply, and Moreno's claims under FOIA must be dismissed. Moreno also cites the Texas Open Records Act, Texas Government Code 552.001, et seq., as a source for relief. That state law expressly provides that a "governmental body is not required to accept or comply with a request for information from: (1) an individual who is imprisoned or confined in a correctional facility; or (2) an agent of that individual (other than an attorney). . . ."[8] As Moreno has been imprisoned throughout the events made the basis of his case, he has no claim under the Open Records Act, and such claim

---

[5]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7]*See* 5 U.S.C.A. § 551(1)("Agency means each authority of the government of the United States . . .")(West 1996); *see also Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005)(finding that there is no private right of action against an official or employee of a municipal or state, rather than a federal agency), *citing  Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 484 (2d Cir.1999) ("[I]t is beyond question that FOIA applies only to federal and not to state agencies.")(other citations omitted).

[8]TEX. GOV'T CODE ANN. § 552.028(a)(1) and (2)(Vernon 2004).

must be dismissed.[9] Plaintiff also invokes 18 U.S.C. §§ 1503, 1506, and 1511 as grounds for relief.  These statues define different federal criminal offenses of obstruction of justice; however, they do not provide for a private cause of action.[10] Accordingly, plaintiff's claims under §§ 1503, 1506 and 1511 must be dismissed. Likewise, Moreno's invocation of the statute making mail fraud criminal, 18 U.S.C. § 1341, does not avail relief because that statute does not create a private right of action.[11] Thus, any claim under 18 U.S.C. § 1341 must be dismissed. Neither does Moreno's invocation of several provisions of the Texas Code of Criminal Procedure afford him any relief,[12] and any claims thereunder must be dismissed.

Plaintiff also claims relief under the Organized Crime Control Act of 1970, also known as the Racketeer Influenced and Corrupt Organizations Act (RICO), codified in relevant part at 18 U.S.C. §§

---

[9]Although § 552.028(b) does not prohibit a governmental body from disclosing information to an inmate, it does not *require* such disclosure. TEX. GOV'T CODE ANN. §552.028(b)(Vernon 2004); *see Harrison v. Vance,* 34 S.W.3d 660, 663 (Tex. App.-Dallas 2000, no writ).

[10]*See Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir.1960), *cert. denied*, 365 U.S. 838 (1961); *Odell v. Humble Oil & Refining Co.*, 201 F.2d 123, 127 (10th Cir.), *cert. denied*, 345 U.S. 941 (1953).

[11]*See Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir.1977) (finding no implied private remedy under mail-fraud statute); *Napper v. Anderson, Henley, Shields, Bradford and Pritchard*, 500 F.2d 634, 636 (5th Cir.1974) (same under wire-fraud statute), *cert. denied*, 423 U.S. 837
(1975); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999)("Congress did not intend to create a private right of action in enacting either the mail or wire fraud statutes"); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178 (6th Cir.1979)(finding no legislative intent to create a private right of action).

[12]*See Cort v. Ash*, 422 U.S. 66, 79 (1975)(no private right of action exists under criminal statutes unless there is a clear statutory basis for  inferring one).

1961, 1962, and 1964. Under 18 U.S.C. § 1964(c), a private party may file a civil action under RICO if the person is injured in his business or property by reason of a violation of 18 U.S.C. § 1962. Inmate Moreno has no claim under this provision because he has not alleged any injury to his business or property.[13] Furthermore, Moreno fails to allege any set of facts that satisfies the elements of the prohibited activities listed in either of the three subsections of 18 U.S.C. § 1962.  As § 1962(a) prohibits income derived from racketeering activity or collection of an unlawful debt, and § 1962(b) prohibits acquisition of an interest or control of an enterprise, these sections are not applicable to an inmate's claims.[14] In order to state a claim under § 1962(c), a plaintiff must properly plead the following elements of a criminal RICO violation: (1) conduct (2) of an enterprise engaged in, or the activities of which affect, interstate or foreign commerce,(3) through a pattern (4) of racketeering activity.[15] Moreno's factual recitations do not satisfy these requisite elements. Plaintiff's RICO claims must be dismissed.

---

[13]*See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) ("[T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation"); *see also Alley v. Angelone,* 962 F.Supp. 827, 832-33 (inmate plaintiffs with no injury to business or property interest lack standing to raise a civil RICO claim).

[14]*Searcy v. Skinner*, C/A No. 6:06-1418-GRA-WMC, 2006 WL 1677177, at *2 (D.S.C. June 16, 2006).

[15]28 U.S.C.A. § 1962(c)(West 2000); *Sedima,* 473 U.S. at  496 (footnote omitted).

6

The primary statutory vehicle for Moreno's claims of violation of his constitutional rights is 42 U.S.C. § 1983, and the statutory authorizations for the alleged conspiracy to violate such rights and for the failure to prevent any alleged conspiracy are through 42 U.S.C. § 1985 and § 1986.  Although the Court determines, *supra*, that validating the bulk of Moreno's claims would imply the invalidity of his imprisonment or conviction such that they are not yet cognizable under the *Heck v. Humphrey*[16] doctrine, to the extent the claims are not *Heck* barred, they must be dismissed as barred by the statute of limitations. The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit.[17] The personal-injury statute of limitations also applies to a claim under 42 U.S.C. § 1985.[18] In Texas, the applicable limitations period is two years.[19] A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims

---

[16]512 U.S. 477 (1994).

[17] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985)(state statute-of-limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983).

[18]*See Allen v. Winfield,* No.3:04-CV-2504-B, 2006 WL 1674096, at *3 (N.D.Tex. June 12, 2006)(noting that the Fifth Circuit has not addressed the limitations period for § 1985 actions and concluding that the personal-injury limitations period applicable to §1983 actions applies equally to § 1985 actions), *citing McDougal v. County of Imperial,* 942 F.2d 668, 673-74 (9th Cir. 1991) and *Callwood v Questal,* 883 F.2d 272, 274 (3d Cir. 1998).

[19]*See Moore v. McDonald,* 30 F.3d  616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon 2006) (Texas's two-year, personal-injury limitations statute).

are barred by the applicable statute of limitations.[20]

Accrual of a claim under § 1983 is determined by federal law,[21] under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action.[22] Plaintiff recites events in 1993, 1995, 1997, 1998, 2000, 2001, 2002, and 2004. Upon review of the allegations in this complaint, the Court sees no basis to believe that Moreno did not know or have reason to know of the events giving rise to his claims while they were occurring. Since, under the mailbox rule, Moreno did not file this suit until April 3, 2006, the bulk of his claims are too late: the applicable two-year statute of limitations already had expired on any claim arising before April 3, 2004, prior to the time Moreno filed suit.  Accordingly, all claims under 42 U.S.C. §§ 1983 and 1985 arising before April 3, 2004, must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and (ii).[23]

The Court notes that an alternative basis for dismissal of all of Plaintiff's claims for compensatory damages is the limitation on recovery of damages for other than physical injury.  As a part of

---

[20]*See Harris v. Hegman,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore,* 30 F.3d at 620, *citing Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993).

[21]*See Harris,* 198 F.3d at 157; *see also Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

[22]*See Harris,* 198 F.3d at 157, *citing Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) and *Burrell,* 883 F.2d at 418.

[23]The statute of limitations for a claim under 42 U.S.C. § 1986 is one year. *See* 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). Thus, as all factual allegations made the basis of this suit occurred more than one year prior to filing, all claims under 42 U.S.C. § 1986 based upon such facts are barred and must be dismissed.

the PLRA, Congress placed a restriction on a prisoner's remedies unless there is a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[24]  The Court of Appeals for the Fifth Circuit has determined that this provision bars recovery of damages for mental or emotional injury, absent physical injury, allegedly resulting from a violation of a constitutional right:

> We agree with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury. Thus, as the district court correctly held, [inmate's] failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation.[25]

Moreno has not alleged any physical injury as a result of the claimed violations of his rights. Thus, Moreno is not entitled to recover compensatory damages for his alleged mental and emotional injuries. Any claim for compensatory damages for mental or emotional injury is barred under 42 U.S.C. § 1997e(e), and must be dismissed.

With regard to Moreno's claims under 42 U.S.C. §§ 1983 and 1985, alternatively, the Court concludes that they are not

---

[24]42 U.S.C.A. 1997e(e)(West 2006).

[25]*Geiger v. Jowers,* 404 F.3d 371, 375 (5th Cir. 2005)(citations omitted).

cognizable. Plaintiff Moreno is seeking monetary damages and declaratory relief from this Court that his constitutional rights were violated during the proceedings leading to his conviction, and in the time since based upon the failure to provide to him court records. In *Heck v. Humphrey,* the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[26] In *Edwards v Balisok,* the Supreme Court extended the *Heck* doctrine to bar a plaintiff's claim for declaratory relief that procedures employed in a disciplinary proceeding were in violation of the Constitution.[27] The maturity of a § 1983 claim for monetary damages or declaratory relief therefore depends on whether a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or imprisonment.*[28]*  The *Heck* bar also extends to claims under 42 U.S.C. §§ 1985 and 1986, and to any state-law claims that are based on the same factual allegations.[29]                   M o r e n o

---

[26]*Heck,* 512 U.S. at 486-87.

[27]*Edwards v. Balisok,* 520 U.S. 641, 648 (1997).

[28]*Heck,* 512 U.S. at 486-87; *see generally Balisok,* 520 U.S. at 648.

[29]*See e.g., Stephenson v. Reno*, 28 F.3d 26, 26-28 (5th Cir.1994) (per curiam)(affirming dismissal of claims under 42 U.S.C. § 1985 and RICO as barred by Heck); *McQuillon v. Schwarzenegger*, 369 F.3d 1091, 1098 n.4 (9th Cir. 2004)("We agree with our sister circuits that Heck applies equally to claims brought under §§ 1983, 1985 and 1986"), *citing  Lanier v. Bryant,* 332 F.3d 999,

expressly notes that he seeks a record that will overturn his conviction and show that his counsel engaged in perjury that was knowingly permitted by the trial prosecutors. As in *Heck*, Plaintiff's challenges, if successful, necessarily would imply the invalidity of his incarceration and conviction, and are thus not cognizable unless Plaintiff has satisfied the conditions set by *Heck*.[30] Plaintiff has failed to establish that he has met one of the prerequisites to a § 1983 action set forth by the Supreme Court. To the contrary, his application for writ of habeas corpus in this Court was dismissed, and his conviction remains valid.[31] Plaintiff has not shown that his conviction has been invalidated by a state or federal court. As a result, Plaintiff's claims for monetary damages and declaratory relief under 42 U.S.C. §§ 1983, 1985, and 1986, and any state law claims premised on the same facts, must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §

---

1005-06 (6th Cir.2003)(applying *Heck* to § 1985 action); and *Amaker v. Weiner,* 179 F.3d 48, 52 (2d Cir.1999)("*Heck* therefore applies with respect not only to plaintiff's § 1983 claim but also to his §§ 1981, 1985(3) and 1986 claims"); *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir.2000)(holding that, when state-law claims are based on the same premise as constitutional claims under 42 U.S.C. § 1983, *Heck* may also bar relief on such claims), *cert. den'd,* 531 U.S. 959 (2000).

[30]*See generally Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir.1994) (claims of ineffective assistance of counsel challenge the validity of the conviction or sentence), citing *Strickland v. Washington*, 466 U.S. 668 (1984).

[31]The Court notes that Moreno expressly claimed in the first petition under 28 U.S.C. § 2254 that his counsel was ineffective for turning down a plea bargain offer from the state for twenty years without consulting him, and providing perjury to the trial court by informing the court that Moreno had rejected the offer. *See Moreno v. Johnson,* No.4:99-CV-150-Y (Feb. 18, 1999 Petition at attachment page 1, Ground A.)

1915(e)(2)(B)(i) and (ii).[32]

Therefore, all of plaintiff Moreno's claims, except those accruing under  42 U.S.C. §§ 1983 and 1985 after April 3, 2004, are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Alternatively, all of plaintiff Moreno's claims under 42 U.S.C. §§ 1983 and 1985 and any remaining state law claims, are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2) (B)(i) and (ii).[33]

SIGNED November 7, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[32]*See Heck*, 512 U.S. at 487-88; *see also* Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir.1996) (holding that "[a] § 1983 claim which falls under the rule in Heck is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question").

[33]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).